## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **WOODY K. LESIKAR** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:24-cv-00470** |
| | § | |
| **HARRIS COUNTY, TEXAS AND HARRIS** | § | **JURY DEMANDED** |
| **COUNTY DEPUTY SHERIFF CHRISTO-** | § | |
| **PHER D. ROSS IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY** | § | |
| *Defendants.* | § | |
| | § | |

## DEFENDANTS HARRIS COUNTY AND DEPUTY CHRISTOPHER ROSS'S MOTION FOR SUMMARY JUDGMENT

**RACHEL FRASER**
**Lead Attorney**
**Senior Assistant County Attorney**
State Bar No. 24079725
Fed Bar No. 4067195
Office of The Harris County Attorney
1019 Congress
Houston, Texas 77002
Tel:(713) 274-5383
E: Rachel.Fraser@harriscountytx.gov

**FRANK FORD**
**Attorney to be Notified**
**Assistant County Attorney**
State Bar No. 24012642
Fed Bar No. 565385
Office of The Harris County Attorney
1019 Congress
Houston, Texas 77002
Tel:(713) 274-5166
E: Frank.Ford@harriscountytx.gov

*Attorneys for Defendants Harris County and Deputy Christopher Ross*

i

# **TABLE OF CONTENTS**

Page(s)

I.    Nature and Stage of the Proceedings ........................................................................ 1

II.   Issues to be Ruled Upon by the Court ...................................................................... 1

III.  Summary Judgment Record ..................................................................................... 2

IV.   Facts ........................................................................................................................ 2

   A.   Uncontested Facts and Video .............................................................................. 2

   B.   Disputed Facts ..................................................................................................... 5

V.    Summary of the Argument ....................................................................................... 6

VI.   Authorities & Argument .......................................................................................... 6

   A.   Standard of review for summary judgment. ......................................................... 6

   B.   Legal Standard for Qualified Immunity ............................................................... 7

      1.    Fourth Amendment – Probable Cause – False Arrest ....................................... 7

         a.    Interference with public duties ..................................................................... 8

         b.    Resisting Arrest ........................................................................................... 9

      2.    Ross arrested Plaintiff based on probable cause; there was no constitutional violation. 10

         a.    Plaintiff interfered with Deputy Ross at the crash site. ............................ 10

         b.    Plaintiff resisted arrest when Deputy Ross tried to handcuff him. .......... 11

      3.    Texas Tort Claims Act and Summary Judgment. ........................................... 11

         a.    False Arrest is an intentional act. .............................................................. 12

         b.    Plaintiff's handcuff claim arises out of intentional acts and immunity is not waived. 13

         c.    Plaintiff pleads the use of handcuffs was intentional. ............................... 14

         d.    Plaintiff pleads gross negligence and the TTCA does not waive immunity. ............ 15

VII.  Conclusion ............................................................................................................. 16

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Aguirre v. City of San Antonio*,
   995 F.3d 395 (5th Cir. 2021) ............................................................................. 13, 14

*Ashcroft v. al–Kidd*,
   563 U.S. 731 (2011) ................................................................................................. 7

*Ayala v. Aransas Cnty.*,
   777 F. App'x 100 (5th Cir. 2019) ........................................................................... 9

*Bailey v. Ramos*,
   125 F.4th 667 (5th Cir. 2025) ....................................................................... 1, 7, 8

*Baranowski v. Hart*,
   486 F.3d 112 (5th Cir. 2007) ................................................................................. 6

*Brown v. Callahan*,
   623 F.3d 249 (5th Cir. 2010) ................................................................................. 7

Campbell v. Pena, No. 3:23-CV-2232-B,
   2024 WL 3841517 (N.D. Tex. Aug. 15, 2024) .................................................... 14

*Casanova v. City of Brookshire*,
   119 F. Supp. 2d 639 (S.D. Tex. 2000) ................................................................. 12

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................ 6, 7

*Childres v. Iglesias*,
   848 F.3d 412 (5th Cir. 2017) ............................................................................. 9, 10

*City of Garland v. Rivera*,
   146 S.W.3d 334 (Tex. App. 2004) ....................................................................... 13

*City of Hempstead v. Kmiec*,
   902 S.W.2d 118 (Tex.App.–Houston [1st Dist.] 1995, no writ) ........................... 12

*City of Laredo v. Nuno*,
   94 S.W.3d 786 (Tex. App. 2002) .......................................................................... 13

*City of San Antonio v. Dunn*,
   796 S.W.2d 258 (Tex. App.–San Antonio 1990, writ denied) ............................. 13

*Cuadra v. Houston Indep. Sch. Dist.*,
   No. CV H-07-3300, 2009 WL 10703694 (S.D. Tex. Aug. 17, 2009) ................... 12

*Delaney v. University of Houston*,
   835 S.W.2d 56 (Tex.1992) .................................................................................. 2, 12

*Duncantell v. State*,
   230 S.W.3d 835 (Tex. App.—Hous. [14th Dist.] 2007, pet. ref'd) ................... 9, 10

*Gay v. State*,
   730 S.W.2d 154 (Tex. App. – Amarillo 1987, no writ) ........................................ 15

*Gonzales v. City of Corpus Christi*,
   No. C.A. C-05-280, 2005 WL 3058168 (S.D. Tex. Nov. 9, 2005) ....................... 13

*Haggerty v. Tex. S. Univ.*,
   391 F.3d 653 (5th Cir. 2004) ............................................................................. 9, 10

iii

*Harris Cnty. Flood Control Dist. v. Halstead*,
    650 S.W.3d 707 (Tex. App.—Houston [14th Dist.] 2022) ........................................ 2

*Harris Cnty. v. Cabazos*,
    177 S.W.3d 105 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ............................ 12

*Henderson v. Iowa Colony*,
    No. 01-15-00599-CV, 2016 WL 2586715 (Tex. App. May 5, 2016) ........................ 12

*Hockaday v. Texas Dept. of Criminal Justice, Pardons and Paroles Division*,
    914 F. Supp. 1439 (S.D. Tex. 1996) ...................................................................... 15

*Huong v. City of Port Arthur*,
    961 F.Supp. 1003 (E.D.Tex.1997) ........................................................................ 13

*Kaley v. United States*,
    571 U.S. 320, (2014) .............................................................................................. 8

*Key v. State*,
    88 S.W.3d 672 (Tex. App.—Tyler 2002, pet. ref'd) ............................................... 9

*Little v. Liquid Air Corp*,
    37 F.3d 1069 (5th Cir. 1994) ................................................................................. 7

*Little v. Schafer*,
    319 F.Supp. 190 (S.D.Tex.1970) .......................................................................... 13

*Martinez v. Harris County, Tx.*,
    No. 24-20194, 2025 WL 914309 (5th Cir. Mar. 26, 2025) ..................................... 9

*Martinez v. Zapata Cnty.*,
    No. 5:23-CV-00050, 2024 WL 1315898 (S.D. Tex. Mar. 27, 2024) ...................... 14

*McCullough v. Wright*,
    824 F. App'x 281 (5th Cir. 2020) .......................................................................... 8

*Poole v. City of Killeen*,
    999 F.2d 1580 (5th Cir. 1993) ............................................................................... 13

*Port of Houston Authority v. Aaron*,
    415 S.W.3d 355 (Tex. App.–Houston [1st Dist.] 2013, no pet.) ............................ 15

*Ramirez v. Martinez*,
    716 F.3d 369 (5th Cir. 2013) ................................................................................. 9

*Saenz v. City of El Paso*,
    637 F. App'x 828 (5th Cir. 2016) ..................................................................... 12, 13

*Santander v. Salazar*,
    133 F.4th 471 (5th Cir. 2025) ............................................................................. 8, 9

*TARRANT REGIONAL WATER DISTRICT, Appellant v. TEX S. FOLLETT JR., Appellee*,
    No. 02-24-00557-CV, 2025 WL 2087936 (Tex. App. July 24, 2025) ..................... 15

*Terrell v. Allgrunn*,
    114 F.4th 428 (5th Cir. 2024) ............................................................................ 8, 11

*TIG Ins. Co. v. Sedgwick James of Wash.*,
    276 F.3d 754 (5th Cir. 2002) ................................................................................. 7

*Univ. of Texas Medical Branch at Galveston v. York*,
    871 S.W.2d 175 (Tex.1994) .................................................................................. 11

*Westfall v. Luna*,
    903 F.3d 534 (5th Cir. 2018) ............................................................................ 8, 11

## Statutes

Penal Code Ann. § 38.03(a) ................................................................ 9, 10

Tex. Civ. Prac. & Rem. Code Ann. § 41.001 ........................................ 15

Tex. Civ. Prac. & Rem. Code Ann. § 101.021, 101.057(2) .................. 2, 12

Tex. Penal Code. § 38.15(a)(1) and (a)(2) ............................................ 8

Tex. Penal Code 38.15(a)(1) ................................................................ 10

Texas Penal Code § 38.15 ............................................................ 8, 9, 10

## Rules

Fed. R. Civ. P. 56 ................................................................................. 1

FRCP 56(c) ......................................................................................... 6

**TO THE HONORABLE DISTRICT JUDGE HOYT:**

Defendants Harris County and Deputy Christopher Ross file this Motion for Summary Judgment under Fed. R. Civ. P. 56, and respectfully show the Court as follows:

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Woody Lesikar ("Plaintiff") filed a § 1983 lawsuit against Harris County, Texas, and Deputy Christopher Ross ("Deputy Ross" and "Harris County", together "Defendants") after Lesikar interfered with emergency workers at a small plane crash site. Two claims remain. One against Deputy Ross for false arrest and one against Harris County under Texas state law for negligently using handcuffs.[1]

## II. ISSUES TO BE RULED UPON BY THE COURT

The issues to be ruled upon by the Court are:

1. Whether Deputy Ross is entitled to judgment as a matter of law because he arrested Plaintiff based upon probable cause and Plaintiff failed to negate qualified immunity by showing that Deputy Ross violated Plaintiff's constitutional right and that the right was 'clearly established.'

***Standard of Review***: Plaintiff failed to negate Deputy Ross's qualified immunity defense by showing a genuine issue of material fact that Deputy Ross violated Plaintiff's constitutional right and that the right was 'clearly established.' *Bailey v. Ramos*, 125 F.4th 667, 674-75 (5th Cir. 2025) (citations omitted); Fed. R. Civ. P. 56.

2. Whether governmental immunity bars Plaintiff's Texas negligence tort claim against Harris County for the "use" of handcuffs, that arises out of an intentional tort and intentional actions of handcuffing, amounting to an assault.

---

[1] Dkt 35

1

***Standard of Review****:* Plaintiff failed to meet his burden and demonstrate a waiver of governmental immunity under the TTCA for Deputy Ross's "use" of handcuffs which arose out of the intentional tort and intentional actions of handcuffing, amounting to an assault. Tex. Civ. Prac. & Rem. Code Ann. § 101.021, 101.057(2); *Delaney v. University of Houston*, 835 S.W.2d 56, 59 (Tex.1992); Harris Cnty. Flood Control Dist. v. Halstead, 650 S.W.3d 707, 712 (Tex. App.—Houston [14th Dist.] 2022).

### III.    SUMMARY JUDGMENT RECORD

The following exhibits are fully incorporated into this motion.

| Exhibit | Description | Page Identification |
|---------|-------------|---------------------|
| 1 | Deputy Ross Affidavit | 1 - 4 |
| 2 | Airplane crash photos | 1000 - 1002 |
| 3 | Maps of golf course and airport, their intersection and photo from accident location to runway. | 1003, 1005-1006 |
| 4 | Deputy Ross's body camera of encounter with Plaintiff | 1:38 |
| 5 | Deputy Seals' body camera from another perspective | 1:36 |
| 6 | Deputy Seals' body camera showing unstable plane and hearing victim | 00:21 |
| 7 | Deputy McAtee's body camera discussing Plaintiff's interference and order to keep civilians back from airplane | 1:37 |
| 8 | Deputy Ross's Offense Report 2022-04359 | HC 87 - HC 92 |
| 9 | Lesikar notarized statement | HC 198 - HC201 |
| 10 | Lesikar declaration attached to Dkt. 27 Amended Complaint | 106-116 of Dkt.27 |
| 11 | Deputy Seals' body camera depicting crash upon arrival | 00:42 |
| 12 | Video of Plaintiff reaching into plane | 00:43 |

### IV.    FACTS

#### A.  Uncontested Facts and Video

On February 11, 2022, at about 7:30 p.m., a small plane crashed onto a golf course adjacent to the West Houston airport in Harris County, Texas.[2] Responders could not immediately access

---

[2] Ex. 1 at 2; Ex. 8 at HC 89; 9 at HC 198; 10 at 108

the plane because of its location on the golf course.[3] The plane was upside down, partially crushed and the two occupants were pinned inside.[4]

Plaintiff and his employee Curtis Hathaway, both certified Airframe and Powerplant Mechanics, learned of the crash.[5] They went to the end of the runway that bordered the golf-course and encountered responding firetrucks.[6] The firemen were trying to get to the crash but could not drive on the golf course.[7] Plaintiff and Hathaway each made three trips and transported firemen and equipment to the crash site, and remained at the site.[8] The airplane was upside down, partially crushed, leaning toward one side and unstable.[9] The female occupant was crying out and yelling in agony and fear and both occupants were trapped.[10]

EMS was present and rendered aid through the airplane windows to the occupants.[11] Meanwhile, firemen were trying to stabilize the plane for safety.[12] Plaintiff was concerned about hazardous materials or chemicals that could catch fire or explode.[13] Plaintiff approached the airplane and placed his hand inside the baggage compartment.[14] As the firemen began cutting into the plane's frame, Plaintiff verbally communicated with them about the airplane structure.[15]

At that time multiple HCSO Deputies were present. HCSO Deputies, including Ross, had run about 1.5 miles to the site after unsuccessfully looking for the crash, due to its location on the

---

[3] Ex. 2 at 1003, 1004 and 1005; Ex. 9 at HC 198
[4] Ex. 1 at 2; 8 at HC 89; 9 at HC 198; 10 at 115; see generally Ex's 4 – 7
[5] Ex. 9 at HC 198; 10 at 107
[6] Ex. 9 at HC 198; Ex. 10 at 109; *see also* Ex. 3
[7] *Id.*
[8] *Id.*
[9] Ex. 1 at 2; 5; 8 at HC 89; 4-5; 9 at HC 198; 10 at 115
[10] Ex. 1 at 2; 5-6; 8 at HC 89; Ex. 9 at HC 198
[11] Ex. 6; 8 at HC 89; Ex. 9 HC 198
[12] Ex. 1 at 2; 6, 8 at HC 89
[13] Ex 9 at HC 198; Ex 10 at 109
[14] Ex 9 at 198; 12 at 109, 111; Plaintiff states that he removed hazardous materials from the baggage compartment however HC 12 shows Plaintiff putting his hands in the compartment and removing nothing.
[15] Ex.1 at 2; 7; 8 at 89; 9 at HC 198

3

golf course.[16] Upon arrival, he removed his approximately 10- pound "outercarrier" to rest, which

held, among other things, his body camera.[17] Deputy Ross approached Plaintiff, who was gesturing

with his hands, and Deputy Ross ordered Plaintiff to put his hands down.[18] Plaintiff "did not do it

immediately."[19] Part of that exchange was captured on HCSO body-camera as follows: This is the

exchange:[20]

- Deputy Ross:        We will try to help you. Ok.
- Deputy McAtee:      He is saying the structure, structure is going to collapse. So.
- Deputy Ross:        I need you to step back for a second. Ok.
- Lesikar:            Did you hear what he said? I was telling him that I am an A & P
                      mechanic, A&P, I'm the airport manager.
- Deputy Ross:        Get your finger out of my face.
- Lesikar:            I've been here 57 years.
- Deputy Ross:        Get your finger out of my face.
- Lesikar:            Sir.
- Deputy Ross:        Get your finger out of my face. And step back for a second, okay.
                      And give me space.
- McAtee:             Sir, listen, sir.
- Deputy Ross:        Give me space. Either that or you go in handcuffs. You figure it
                      out.
- Deputy McAtee:      Hold on, hold on.
- Lesikar:            If you want to do whatever you want to do.
- Deputy Ross:        You figure it out.
- Lesikar:            That's not my [inaudible] my permission but I tell you what.
- Deputy McAtee:      Sir, sir, listen, listen. We understand. We understand you're the
                      airport manager but just let them do their job.
- Lesikar:            I am trying to help.
- Deputy McAtee:      I understand man. Just let them get  'um out real quick. Okay.
- Lesikar:            Listen to me. I am trying to help EMS.
- Deputy McAtee:      I understand.
- Deputy Ross:        You can't.
- Lesikar:            What do you mean I can't.
- Deputy Ross:        Let them do their job. Let them do their job, sir.
- Lesikar:            They don't know the structure of the airplane.
- Deputy Ross:        Sir, let them do their job, they're fire.
- Lesikar:            I want to make sure.

---

[16] Ex 1 at 2
[17] *Id.*
[18] Ex. 1 at 1; 4-5, 8 at HC 89
[19] Ex. 1 at 2-3; 7; 9 at 115; 9 at HC198
[20] Ex. 4 and 5

- Deputy Ross:        I am deputy Ross.
- Lesikar:            Okay Deputy Ross.
- Deputy Ross:        Yes Sir. Yes Sir.
- Lesikar:            Good because I need to know because you're responsible.
- Deputy Ross:        Turn around, I told you about putting your finger in my face. Turn around.
- Lesikar:            Okay, that's fine.
- Deputy Ross:        Give me his hand. Unlock your hands, sir. Unlock your hands.
- Lesikar:            I'm not.
- Deputy Ross:        Unlock your hands.
- Lesikar:            I'm not locking.
- Deputy Ross:        Un… move your hands.
- Lesikar:            I'm not… locking anything.

Deputies Ross and McAtee handcuffed Plaintiff.[21] Deputy Ross called the District Attorney and spoke to ADA A. Perez, who accepted charges for interference with public duties.[22] Deputy Ross brought Plaintiff to the Joint Processing Center and Chief ADA Levine told Deputy Ross that he was declining to charge Plaintiff because he had no criminal record and he was 75 years-old.[23] ADA Levine told Deputy Ross that he did everything right and "it was a good charge," but he did not want to put Plaintiff in jail.[24]

### B. Disputed Facts[25]

Deputy Ross saw Plaintiff get in Paramedic Angela Giron's way and in the way of firemen while Plaintiff was near the plain.[26] Multiple firemen and Ms. Giron asked Plaintiff to back away several times.[27] Ms. Giron stopped rendering aid and asked the deputies to remove Plaintiff from the scene.[28]

Plaintiff sustained injuries but the extent and cause are in contest.

---

[21] Ex. 1 at 3; 4-5; Ex 9 at HC 198
[22] Ex. 1 at 3; Ex 8 at HC 89
[23] Ex. 1 at 3-4; 8 at HC 89
[24] *Id.*
[25] Though disputed, these facts are non-dispositive for purposes of this Motion.
[26] Ex. 1 at 2-3; 8 at HC 89
[27] *Id.*
[28] *Id.*

### V.   SUMMARY OF THE ARGUMENT

This Court should grant summary judgment in favor of Harris County and Deputy Christopher Ross. There is no genuine issue of material fact that Deputy Ross is entitled to qualified immunity.  And, Plaintiff fails to carry his burden to demonstrate that Deputy Ross violated a constitutional right and that the right was clearly established. Probable cause is not a high bar and Deputy Ross had probable cause to arrest Plaintiff for two offenses both captured on video. Plaintiff interfered with Deputy Ross when he repeatedly refused to move back from the crash scene and continued putting his finger in Deputy Ross's face after being ordered to stop multiple times.

This Court should grant summary judgment in favor of Harris County because the County is immune from suit for acts that are intentional or amount to intentional torts. According to Plaintiff, Deputy Ross falsely arrested him and his injuries arise out of that false arrest which is an intentional tort. Further, the application of handcuffs is tantamount to an assault and Harris County is immune from liability for intentional torts.

### VI.   AUTHORITIES & ARGUMENT

**A.  Standard of review for summary judgment.**

Under FRCP 56(c), summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Where at trial the non-movant has the burden of proof, the movant satisfies its initial burden by " 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986). The nonmovant must then identify specific evidence in the record and articulate how that evidence supports the party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); Little v. Liquid Air Corp, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Although factual controversies are to be resolved in the nonmovant's favor, that is "only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. The Plaintiff is not entitled to go to trial on allegations and must come forward with some significant probative *evidence* which makes it necessary to resolve the factual dispute at trial. *Celotex*, at 323.

### B.  Legal Standard for Qualified Immunity

A qualified immunity defense alters the normal summary judgment burden of proof. Once asserted, "the plaintiff bears the burden of negating it by showing that (1) the official violated a statutory or constitutional right and (2) the right was 'clearly established' at the time of the challenged conduct." Bailey v. Ramos, 125 F.4th 667, 674 (5th Cir. 2025) quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). The plaintiff "need not identify a case directly on point" for the clearly established prong, but he "must point to authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful." Bailey, 125 F.4th at 674 (cleaned up). A public official violates clearly established law when the right is so clear that "every reasonable official" would understand his conduct violates the right. Ashcroft v. al–Kidd, 563 U.S. 731, 741 (2011) (citations and quotations omitted).

Furthermore, where video evidence exists, the Court must "view the facts in the light depicted by the videotape." Bailey, 125 F.4th 675 (citations omitted). Courts impute "greater weight, even at summary judgment" to on-scene video evidence. Id.

### 1.  Fourth Amendment – Probable Cause – False Arrest

The Fourth Amendment requires that a warrantless arrest be based upon probable cause. *Bailey v,* 125 F.4th at 675. "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* Probable cause is an objective test. *Id.* Furthermore, "[A]n arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *Santander v. Salazar*, 133 F.4th 471, 481 (5th Cir. 2025) (citations omitted).

Probable cause "is not a high bar: It requires only the kind of fair probability on which reasonable and prudent [people,] not legal technicians, act." *Kaley v. United States*, 571 U.S. 320, 338, (2014) (cleaned up). And "law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Westfall v. Luna*, 903 F.3d 534, 542-43 (5th Cir. 2018) (citations omitted). Thus, as long as there is at least "arguable probable cause to arrest," then "qualified immunity will apply." *Terrell v. Allgrunn*, 114 F.4th 428, 435 (5th Cir. 2024) (citation omitted).

### a. Interference with public duties

A person commits the offense of interference with public duties "if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with ... a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law... [or an] emergency medical services [provider] while that person is performing that duty." Tex. Penal Code. § 38.15(a)(1) and (a)(2). Interference must be more than just speech alone. Bailey, 125 F.4th at 676.

In Texas, failure to comply with an officer's instructions violates Texas Penal Code § 38.15. See Bailey, 125 F.4th at 677-78 ("failure to comply with an officer's instructions violates

Texas Penal Code § 38.15 and is not protected speech"); McCullough v. Wright, 824 F. App'x

281, 285 (5th Cir. 2020) (per curiam) (unpublished) quoting *Childres v. Iglesias*, 848 F.3d 412,

415 (5th Cir. 2017) ("failing to comply with an officer's instruction, made within the scope of the

officer's official duty and pertaining to physical conduct rather than speech ... constitute[s] inter-

ference"); Martinez v. Harris County, Tx.,No. 24-20194, 2025 WL 914309, at *5 (5th Cir. Mar.

26, 2025) (failing to comply with officer's instruction to provide identification supports probable

cause, and qualified immunity, for § 38.15 arrest).

> Texas courts have found that failure to comply with an officer's instructions under
> similar circumstances violates Texas Penal Code § 38.15 and is not protected speech.
> Specifically, several courts have affirmed convictions of defendants who failed to
> comply with an officer's instruction to move away from a crime scene. *See Duncan-*
> *tell v. State*, 230 S.W.3d 835, 842 (Tex. App.—Hous. [14th Dist.] 2007, pet. ref'd)
> (finding that defendant violated Texas Penal Code § 38.15 by repeatedly disregarding
> officers' orders to stand away from crime scene); *Key v. State*, 88 S.W.3d 672, 676
> (Tex. App.—Tyler 2002, pet. ref'd) (concluding that defendant "engaged in conduct
> other than speech in refusing to obey the directives of" a police officer to remain on
> the sidewalk, which the officer "believed was necessary to prevent [defendant] from
> assaulting" another individual). Likewise, this Court has held that failure to comply
> with a police officer's instruction to stand back is not protected speech and gives the
> officer probable cause to arrest under Texas Penal Code § 38.15. *See Haggerty v. Tex.*
> *S. Univ.*, 391 F.3d 653, 657 (5th Cir. 2004) ("[W]hile Haggerty's relevant actions
> included speech, a reasonable officer could have believed that they were not limited
> to speech: Haggerty stepped forward toward [an officer] after having previously been
> warned to not interfere and was within relative proximity (10 to 15 feet away).

*Childres*, 848 F.3d at 412.

### b. Resisting Arrest

Resisting arrest occurs when one "intentionally prevents or obstructs a person he knows is

a peace officer ... from effecting an arrest ... by using force against the peace officer.... ." Penal

Code Ann. § 38.03(a). And, "the act of resisting can supply probable cause for the arrest itself."

Ayala v. Aransas Cnty., 777 F. App'x 100, 106 (5th Cir. 2019) (citations omitted). Resisting arrest

in Texas encompasses such resistance as pulling an arm away. Id.; see Santander v. Salazar, 133

F.4th 471, 481 (5th Cir. 2025); Ramirez v. Martinez, 716 F.3d 369, 376 (5th Cir. 2013) (collecting Texas cases affirming that the mere act of pulling away from an officer can constitute resisting arrest under § 38.03(a)).

**2. Ross arrested Plaintiff based on probable cause; there was no constitutional violation.**

**a. Plaintiff interfered with Deputy Ross at the crash site.**

Plaintiff interfered with Deputies Ross and McAtee at the crash scene by refusing to obey orders over the course of over about one minute. [29] Tex. Penal Code 38.15(a)(1). This episode at the emergency scene is on video. Deputy Ross had to order Plaintiff to get his finger out of Ross's face four times because Lesikar persisted in doing so. Deputies Ross and McAtee repeatedly ordered Plaintiff to move back and give space to the emergency workers.[30] Even Plaintiff agrees that he was "gesturing with my hands," that Deputy Ross "told me to put my hands down, but I did not do it immediately."[31] Instead, Plaintiff ignored the deputies' orders and tried to negotiate with them. The video alone supports probable cause for interference with the deputies. Tex. Penal Code. § 38.15(a)(1). "Failure to comply with a police officer's instruction to stand back… gives the officer probable cause to arrest" for interference. Childres, 848 F.3d at 415. So too does "stepp[ing] forward toward [an officer]" and ignoring directions to stand back when a suspect is "10 to 15 feet away." Haggerty, 391 F.3d at 657; see also Duncantell, 230 S.W.3d at 842 (finding that defendant violated Texas Penal Code § 38.15 by repeatedly disregarding officers' orders to stand away from crime scene).

---

[29] Plaintiff first interfered with Paramedic Angela Giron who was rendering aid to the victims, and the firemen who were trying to stabilize the plane. Plaintiff disagrees. Defendants do not address *that* basis for Plaintiff's arrest or his justification that he acted as an emergency worker, and instead focus on Plaintiff's offenses captured on video.
[30] Ex 4-5; Ex 7
[31] Ex 9 at 115; 9 at HC 199

Beyond that, Plaintiff's admits he was told to put his hands down and did not immediately comply. And, Deputy Ross relied on advice of counsel when the district attorney accepted charges. Under the totality of the circumstances, a reasonable officer could have believed there was probable cause to arrest Lesikar. *See Westfall*, 903 F.3d at 542 (a reasonable but mistaken probable cause determination still entitles officer to immunity). Deputy Ross had at least "arguable" probable cause to meet the low threshold for interfering. Plaintiff cannot negate probable case and Deputy Ross is entitled to judgment as a matter of law. *Terrell v. Allgrunn*, 114 F.4th 428, 435 (5th Cir. 2024) (citation omitted).

### b. Plaintiff resisted arrest when Deputy Ross tried to handcuff him.

Deputy Ross had probable cause arrest Plaintiff based upon a second offense that was also captured on video - - resisting arrest. While Deputies Ross and McAtee tried to handcuff Plaintiff, he resisted by locking his hands.[32] Deputy Ross ordered Plaintiff five times to unlock or move his hands. The video makes apparent that the deputies struggled to handcuff Plaintiff because he resisted.[33] It is apparent in the video that Deputy McAtee's arms were tensed while trying to handcuff Plaintiff – a result of Plaintiff's resistance. Deputy Ross met the low threshold of probable cause to arrest Plaintiff for resisting arrest. Deputy Ross is entitled to judgment as a matter of law because Deputy Ross had probable cause to arrest Plaintiff for resisting arrest.

### 3. Texas Tort Claims Act and Summary Judgment.

A county is immune from liability for government action unless that immunity has been waived by the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code Ann. Ch. 101. However, the immunity waiver applies "only in certain circumstances." Univ. of Texas Medical Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex.1994). The TTCA waives immunity for

---

[32] Ex 1 at 3; 4-5
[33] Ex 4-5

11

"personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Section 101.057(2) of the TTCA specifically exempts from liability claims "arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities." Accordingly, even if a claim falls within one of the categories of Section 101.021, immunity is not waived where the claim arises out of intentional conduct. Delaney v. University of Houston, 835 S.W.2d 56, 59 (Tex.1992) (emphasis added).

In considering the TTCA waiver for intentional torts, the focus of the cause of the injury is on the officer's actions. "The question is whether the gravamen of the claim against the governmental unit 'sounds in negligence or an intentional tort.' " Harris Cnty. v. Cabazos, 177 S.W.3d 105, 109 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (cleaned up). If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA. Saenz v. City of El Paso, 637 F. App'x 828, 830 (5th Cir. 2016) (emphasis added); Harris Cty. v. Cabazos, 177 S.W.3d 105, 111 (Tex.App.-Houston [1st Dist.] 2005). The Plaintiff must present facts that support a negligence claim otherwise the claim is barred by sovereign immunity.

### a.  False Arrest is an intentional act.

Texas law provides that the tort of false arrest requires a plaintiff to show (1) willful detention, (2) without consent, and (3) without authority of law. Cuadra v. Houston Indep. Sch. Dist., No. CV H-07-3300, 2009 WL 10703694, at *10 (S.D. Tex. Aug. 17, 2009), subsequently aff'd, 626 F.3d 808 (5th Cir. 2010), citing Casanova v. City of Brookshire, 119 F. Supp. 2d 639, 651 (S.D. Tex. 2000). False arrest is an intentional tort. See Henderson v. Iowa Colony, No. 01-15-

00599-CV, 2016 WL 2586715, at *3 (Tex. App. May 5, 2016); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.–Houston [1st Dist.] 1995, no writ) (recognizing false arrest is an intentional tort); *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.–San Antonio 1990, writ denied) (same); see Poole v. City of Killeen, 999 F.2d 1580 (5th Cir. 1993) (false arrest is an intentional tort). Plaintiff's claim of false arrest is an intentional tort, and some of his wrist injuries arise out of the nucleus of the intentional tort of false arrest. Thus, immunity is not waived under the TTCA. §101.057(2).

**b. Plaintiff's handcuff claim arises out of intentional acts and immunity is not waived.**

Plaintiff's claim is also barred because his at least part of his injuries originate from the "facts which amount to an intentional tort[,]" handcuffing, irrespective of how Plaintiff pleads. Sanez, 637 F. App'x 830. Deputy Ross's affidavit and the video demonstrate that part of the claimed injuries arises out of the intentional act of handcuffing and not from alleged negligence. Lesikar couches his tort claim in terms of negligent "use" of handcuffs however, his 'negligence' claim should be barred because it 'arises out of' an intentional tort and intentional acts, handcuffing and an alleged assault. Gonzales v. City of Corpus Christi, No. C.A. C-05-280, 2005 WL 3058168, at *11 (S.D. Tex. Nov. 9, 2005), citing Little v. Schafer, 319 F.Supp. 190, 192 (S.D.Tex.1970); Huong v. City of Port Arthur, 961 F.Supp. 1003, 1008 (E.D.Tex.1997).

The Fifth Circuit recognized the issue in *Aguirre* and stated:

> Texas courts have repeatedly rejected the argument that intentional conduct by police that also forms the basis of excessive force claims, **including the use or non-use of handcuffs**, can give rise to cognizable claims under the TCCA. S*ee, e.g., City of Garland v. Rivera*, 146 S.W.3d 334, 338 (Tex. App. 2004); *City of Laredo v. Nuno*, 94 S.W.3d 786, 789 (Tex. App. 2002).

*Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021) (emphasis added).  *See also Dunn*, 796 S.W.2d 258 at 261, (negligence claim barred by sovereign immunity because

damages all arose out of the intentional tort of false arrest and excessive force); *Gonzalez* 2005 WL 3058168, at *11 (immunity bared negligence claim for misuse of handcuffs and leg irons because claims arouse out of intentional tort).

The application of handcuffs and false arrest are both intentional acts and "[i]ntentional conduct, no matter how it is pled, falls under the TTCA's sovereign immunity waiver exception." In this case, Plaintiff's negligence claim is based on the same conduct as the intentional tort claim, and the actions were clearly intentional constituting what may be a he alleged no "distinct facts" to support negligence and intentional tort claims, thus the negligence claim barred by immunity. *Aguirre*, 995 F.3d at 422; *Campbell v. Pena*, No. 3:23-CV-2232-B, 2024 WL 3841517, at *4 (N.D. Tex. Aug. 15, 2024); *see also Martinez v. Zapata Cnty.*, No. 5:23-CV-00050, 2024 WL 1315898, at *6 (S.D. Tex. Mar. 27, 2024) ("Plaintiff's claims of neglige[nce] are based on the same conduct as his assault, battery, and false imprisonment claims.... Plaintiff's allegations make clear that no 'distinct facts' support their negligence and intentional-tort claims, placing the negligence claims") (cleaned up).

### c. Plaintiff pleads the use of handcuffs was intentional.

Plaintiff's pleadings support that the use of handcuffs was intentional, and the injury arose out of intentional acts. Plaintiff alleges Deputy Ross: (1) "placed handcuffs on Lesikar. . . [and] forced [him] to stay in that kneeling position for about an hour. During that time Lesikar's hands began to hurt and his wrists were in pain"; (2) that Deputy Ross "strapped Lesikar down to the seat belt from behind through the handcuffs and 'locked' the safety belt behind Lesikar"; and (3) that he told Deputy Ross his "hands were hurting from the tightness of the handcuffs."[34]. There is not

---

[34] Dkt. 27 at 7-9

even an inuendo of negligence in Plaintiff's pleadings vis-à-vis handcuffs - - the acts themselves are all intentional and immunity is not waived.

### d. Plaintiff pleads gross negligence and the TTCA does not waive immunity.

Plaintiff also alleges that Deputy Ross's actions were "committed intentionally with malice by Deputy Ross or were committed by Deputy Ross in total and gross disregard for the rights and physical well being of Plaintiff Lesikar."[35] The statutory definition of "gross negligence" means "an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." Tex. Civ. Prac. & Rem. Code Ann. § 41.001. Gross negligence has an objective component and a subjective component. TARRANT REGIONAL WATER DISTRICT, Appellant v. TEX S. FOLLETT JR., Appellee, No. 02-24-00557-CV, 2025 WL 2087936, at *3 (Tex. App. July 24, 2025).

The TTCA does not waive immunity for gross negligence. TEX S. FOLLETT JR., Appellee, No. 02-24-00557-CV, 2025 WL 2087936, at *3 (Tex. App. July 24, 2025) citing Port of Houston Authority v. Aaron, 415 S.W.3d 355, 365 (Tex. App.–Houston [1st Dist.] 2013, no pet.) ("TTCA does not waive immunity for gross negligence or deliberate indifference.") (citing Gay v. State, 730 S.W.2d 154, 158 (Tex. App. – Amarillo 1987, no writ)); Hockaday v. Texas Dept. of Criminal Justice, Pardons and Paroles Division, 914 F. Supp. 1439, 1447 (S.D. Tex. 1996) ("The Texas Tort Claims Act, however, does not waive sovereign immunity from liability for gross, as distinguished from simple, negligence."). Plaintiff's assertion that Deputy Ross acted "in total and

---

[35] Dkt. 27 at 11

15

gross disregard for the rights and physical wellbeing of Plaintiff Lesikar" is a gross negligence claim for which Plaintiff has not demonstrated a waiver under the TTCA.

Plaintiff further supports intent in alleging that using handcuffs is "well known" to cause serious bodily injury according to mandatory national police standards and "must be followed in order to prevent harm to suspected."[36] That this is "so well known" further undercuts Plaintiff's negligence argument in favor of intent and at least gross negligence. Either way, Plaintiff has failed to show a genuine issue of material fact regarding an immunity wavier under the TTCA and this Court should grant summary judgment in favor of Harris County.

## VII.  CONCLUSION

For the reasons stated herein, this Court should grant Harris County and Deputy Christopher Ross's motion for summary judgment.

WHEREFORE, PREMISES CONSIDERED, Defendants HARRIS COUNTY and DEPUTY CHRISTOPHER ROSS request that the Court grant the Defendants motion for summary judgment and all other relief to which Harris County and Deputy Ross are entitled.

Date: August 20, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT
**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS

By:    /s/      Rachel Fraser
**RACHEL FRASER**
**Lead Attorney**
**Senior Assistant County Attorney**

---

[36] Dkt. 27 at 29

State Bar No. 24079725
Fed Bar No. 4067195
Rachel.Fraser@harriscountytx.gov

**FRANK FORD**
**Attorney to be Notified**
**Assistant County Attorney**
State Bar No. 24012642
Fed Bar No. 565385
E: Frank.Ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel:(713) 274-5383
**ATTORNEYS FOR DEFENDANTS HARRIS COUNTY**
**AND DEPUTY CHRISTOPHER ROSS**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Joe Alfred Izen, Jr.
5526 McKnight Street
Houston, Texas 77035
jizen@comcast.net

*/s/ Rachel Fraser*
Rachel Fraser

17